David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>PITCHER, REX,<br><br>               Debtor. | Case No. 19-40230-JMM<br>Chapter 12 |

## UNITED STATES TRUSTEE'S MOTION TO
## DISGORGE DEBTOR'S COUNSEL'S FEES

Gregory M. Garvin, Acting United States Trustee, respectfully moves that an order be entered under 11 U.S.C. § 329 directing debtor's counsel, Aaron Tolson, to disgorge fees received in relation to this case, for the reasons set forth below.

1.      On March 15, 2019, the Debtor, Rex Pitcher, filed a Chapter 7 petition in the above-captioned case, through his counsel Aaron Tolson (Doc. 1).

2.      Mr. Tolson's Disclosure of Compensation indicates that the Debtor paid Mr. Tolson $2,500 to represent the Debtor in this case, and that such services would include representation of the Debtor at the meeting of creditors and any adjourned hearings thereof.

–1–

3.    The 341(a) Meeting of Creditors was initially scheduled to be held on May 1, 2019, in Pocatello, Idaho (Doc 2).

4.    On March 18, 2019, the Clerk of the Court entered a Deficiency Notice advising the Debtor and Mr. Tolson that Employee Income Records, Statement of Current Monthly Income and Means Test, Schedules, Statement of Intent, and Statement of Financial Affairs were due by April 1, 2019, and that failure to timely file these documents may result in dismissal of the case.

5.    On March 18, 2019, Sam Hopkins rejected his appointment as the Chapter 7 Trustee, and the next day, Gary Rainsdon, from Twin Falls, Idaho, was appointed as the Chapter 7 Trustee.

6.    None of the documents included in the Deficiency Notice were filed before the May 1st Meeting of Creditors. The Debtor failed to appear at the May 1st Meeting, but Andrew Wayment appeared as Debtor's counsel in place of Mr. Tolson (Doc. 22). The Meeting of Creditors was continued to May 30, 2019 at 1:00 p.m. in Pocatello (Id.).

7.    It was not until May 30, 2019, the day of the continued Meeting of Creditors, that the Debtor filed Schedules, Statement of Financial Affairs, Statement of Intent, and Statement of Current Monthly Income (Docs. 27, 29, 30, and 31). These documents were filed less than two hours before the 341 Meeting was to begin, and Mr. Tolson did not file the original signature pages at the time they were filed.

8.    The Court promptly entered a notice of Correction Action required advising Debtor and Debtor's counsel to file original signature pages for the Statement of Financial

Affairs and Declaration of Schedules. The Court required that such corrective action be taken on or before June 5, 2019.

9.      Debtor's counsel did not file the signature pages until June 18, 2019 (Doc. 44).

10.     The signature pages were dated April 26, 2019 (Doc. 44), and yet, as mentioned above, Debtor's counsel did not file the schedules, statement of financial affairs and other documents until the day of the continued Meeting of Creditors on May 30th over a month later.

11.     The Debtor and Mr. Wayment appeared at the May 30th Meeting of Creditors, but Mr. Rainsdon was required to continue the meeting to June 24, 2019, at 9:00 a.m. in Jerome, Idaho (Doc. 20) to verify the Debtor's SSN, to obtain tax returns, bank statements, other documents and to finish questioning the Debtor.

12.     Neither the Debtor nor Mr. Tolson appeared at the continued June 24th Meeting of Creditors (Doc. 46) and the meeting was continued to July 8, 2019.

13.     On June 26, 2019, Mr. Rainsdon filed a motion to delay the entry of the Debtor's discharge (Doc. 47), which was granted and delayed the entry of the discharge and extended the deadline to object to discharge to September 29, 2019 (doc. 53).

14.     Neither the Debtor nor Mr. Tolson appeared at the continued July 8th Meeting of Creditors (Doc 48) and the meeting was continued to July 29, 2019. Their appearance was not excused, nor did they timely request that their appearance be excused.

15.     On July 17, 2019, the United States Trustee made an inquiry to Mr. Toslon related to this case and his failure to appear at the Meeting of Creditors.

–3–

16.    The Debtor and Mr. Tolson appeared at the July 29th Meeting of Creditors, but it was once again continued for purposes of verifying the SSN, to obtain tax returns, bank statements, other documents and to finish questioning the Debtor (Doc. 55).

17.    To date, the United States Trustee and Mr. Tolson have been unable to reach a resolution with respect to his representation of the Debtor in this case, his failure to appear at the continued meeting of creditors, and any disgorgement of fees related to the Mr. Tolson's conduct and handling of this case.

18.    The United States Trustee believes that disgorgement of a portion of the Debtor's fees is warranted given the delay in filing schedules and related documents, lack of communication with the Trustee, and unexcused failure to appear at the July 8th Meeting of Creditors.

19.    11 U.S.C. § 329 provides the Court may cancel a fee agreement between a debtor and his or her counsel or order the return of any such payment, to the extent the compensation exceeds the reasonable value of the attorney's services.

20.    The Court may determine whether fees are excessive pursuant to a party's motion or on its own initiative after notice and a hearing.   FED. R. BANKR. P. 2017.

21.    Mr. Tolson bears the burden of justifying his fees under 11 U.S.C. § 329(b). *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001). It is the same burden as demonstrating entitlement to fees under section 330 of the Bankruptcy Code. *See id.* "Failure to meet this burden supports reduction or denial of the compensation sought." *Id.* The Court has "wide discretion in determining reasonable compensation." *Id.*

–4–

22.     11 U.S.C. § 329 is designed to protect debtors from misconduct by their attorneys and the Bankruptcy Court has "broad and inherent authority to deny any and all compensation when an attorney fails to meet the requirements of [sections 327, 329, 330 and 331 of the Bankruptcy Code]." *Law Offices of Nicholas A. Franke v. United States Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997).

23.     "One of the important purposes of § 329 is to ensure that attorneys provide competent representation to debtors." *In re Dean*, 401 B.R. at 923.   If the Court finds that Mr. Tolson failed to competently perform his duties, it may order him to disgorge fees.   *See id.*

**Failure to Attend 341(a) Meeting of Creditors**

24.     Mr. Tolson's failure to appear at the 341(a) Meeting of Creditors warrants disgorgement of his fees or some portion of his fees.

25.     Appearing at the 341(a) Meeting of Creditors is one of Mr. Tolson's "core obligations" as Debtor's counsel. *See In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001).

26.     Debtor's appearance at meetings of creditors is mandatory. *See* 11 U.S.C. § 343. Neither debtors nor their counsel have the authority to excuse their appearance, even if they intend to dismiss their case. *See, e.g., In re Cochener*, 360 B.R. 542, 579 – 80 (Bankr. S.D. Tex. 2007). A debtor's failure to appear does not relieve debtor's counsel of the obligation to appear at the meeting of creditors. *See Id*.

27.     Pursuant to the Disclosure of Compensation filed by Mr. Tolson, the amount paid to him included services related to appearing with or on behalf of the Debtor at the meeting of creditors, or any continued meeting of creditors. Mr. Tolson failed to appear at the July 8th

–5–

continued meetings of creditors without timely requesting or obtaining permission not to attend

the meeting.

28.    The failure to appear at the 341(a) meeting of creditors, or to timely request or

obtain permission not to appear at the meeting, is grounds for disgorgement of fees received by

Mr. Tolson.

**Competence: Delay, Client Management, Communication with Trustee**

29.    Mr. Tolson has failed to competently represent his client in many respects.

30.    First, Mr. Tolson failed to timely file schedules, statement of financial affairs, and

related documents. These documents appear to have been signed by the Debtor on April 26,

2019, but were not filed until over a month later, just hours before the continued 341(a) meeting

was scheduled to occur. All other facts aside, Debtor's counsel should know that the delay in

filing these documents would prevent the Trustee from properly preparing for the meeting and

likely result in a continuance of the meeting.

31.    Mr. Tolson failed to effectively communicate with the Trustee by timely

requesting permission to be excused from the July 8th Meeting of Creditors, or to timely inform

the Trustee that he and the Debtor did not intend to attend the meeting.

32.    The delay caused by the failure to timely produce documents, including

verification of the SSN has also contributed to the multiple continuances of the 341 meeting and

ultimately the delay in receiving the discharge.

33.    Although Mr. Tolson does not have absolute control over his client, and it may be

the Debtor's lack of diligence in producing documents and information requested by the Trustee,

it appears that Mr. Tolson's conduct has contributed to the delay and that, at a minimum, a lack

of client management or client control is part of the problem in this case.

WHEREFORE, the United States Trustee requests that an order be entered ordering attorney Mr. Tolson to disgorge a portion of the fees received in this case in the amount of $600 or such other amount that the Court deems proper together with such other and further relief as the Court deems proper.

Dated: August 26, 2019                            GREGORY M. GARVIN
                                                 Acting United States Trustee, Region 18


                                                 /s/ Brett R. Cahoon
                                                 BRETT R. CAHOON


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2019, I filed the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Aaron Tolson, Debtor's counsel

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing on the following in the manner indicated:

Via first class mail, postage prepaid addressed as listed below:

Rex Pitcher                              Aaron J. Tolson
803 South State                          2677 E. 17th Street, Ste. 300
Preston, ID 83263                        Ammon, ID 83406


Dated:   August 26, 2019                 /s/ Brett R. Cahoon
                                         BRETT R. CAHOON